# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | CR 01-1061 LGB | | Date | September 22, 2011 |

Present: The Honorable  AUDREY B. COLLINS, CHIEF UNITED STATES DISTRICT JUDGE

Interpreter  N/A

| Angela Bridges | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|

U.S.A. v. Peter Martin Ebel          Not Present

**Proceedings:** ORDER Dismissing Without Prejudice Motion to Clarify Terms of Supervised Release (In Chambers)

On May 27, 2011, Defendant Peter Martin Ebel filed a Motion to Clarify Terms of Supervised Release. (Docket No. 58.) The government opposed on June 22, 2011 and Defendant replied on July 25, 2011. For the reasons below, the Court DISMISSES the motion WITHOUT PREJUDICE as unripe for adjudication.

## BACKGROUND

After pleading guilty to production of child pornography, Defendant was sentenced on February 3, 2003 to 120 months' imprisonment and three years of supervised release. (Docket No. 55.) It was recommended that he enter the Sex-Offender Treatment Program in Butner, North Carolina. (Id.)

Accounting for good time credit, Defendant was scheduled for release from custody on June 22, 2010. Just one day before his release, however, the government filed a "Certification of a Sexually Dangerous Person" pursuant to the Adam Walsh Child Protection and Safety Act of 2006 (the "Adam Walsh Act"), 18 U.S.C. § 4248(a) in federal district court in North Carolina. (Govt. Exs. 1, 2.) According to the terms of the Adam Walsh Act, that certification "stayed" Defendant's release from custody until the statutory procedures could be completed. See § 4248(a) ("A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.").[1] Defendant has filed a motion to dismiss that proceeding, arguing both that the statutory scheme is unconstitutional and that his supervised release would provide an "adequate and necessary safeguard" to obviate the need for civil commitment under § 4248.[2] Those

---

[1] The government's filing of the certificate one day before Defendant's release is not unusual. See United States v. Broncheau, 645 F.3d 676, 681 (4th Cir. 2011) (deciding nine appeals from inmates in Butner, North Carolina, all of whom were subject to certificates filed when they were "about to be released from [Bureau of Prisons] custody and begin serving previously imposed terms of supervised release.").

[2] It is not clear whether this motion has been ruled on.

proceedings appear to continue and, despite the passage of more than a year, no hearing has yet been scheduled on Defendant's civil commitment. United States v. Ebel, Case No. CV 5:10-hc-2124-BO (E.D.N.C., filed on June 21, 2011).

Defendant filed the pending motion on May 27, 2011, requesting that the Court clarify the beginning date for his term of supervised release. In his view, because a term of supervised release "commences on the day the person is released from imprisonment," 18 U.S.C. § 3624(e), his term of supervised release should have begun to run on June 22, 2010, the date his term of imprisonment expired, even though he was not released from the physical custody of the Bureau of Prisons ("BOP"). The government argues that the Court should not reach the merits because the issue is not ripe for adjudication. On the merits, the government disagrees with Defendant's position, arguing that under § 4248(a), Defendant's "release" was stayed pending the final determination of the government's request for certification, so he was never "released from imprisonment" as required by § 3624(e) to commence his period of supervised release. Importantly, both parties agree that the term of supervised release begins to run upon a final determination of the § 4248(a) proceeding, whether the outcome is Defendant's release from custody or civil commitment under the Adam Walsh Act. (Opp. 12 n.8.)

## DISCUSSION

The validity and contours of the Adam Walsh Act have been the subject of ongoing litigation, particularly in the Eastern District of North Carolina and in the Fourth Circuit, where the Butner facility is located. See, e.g., United States v. Comstock, __ U.S. __, __, 130 S. Ct. 1949, 1965 (2010) (in case brought in Eastern District of North Carolina, holding that the Adam Walsh Act is a valid exercise of Congressional authority), on remand, 627 F.3d 513, 524–25 (4th Cir. 2010) (rejecting due process challenge to "clear and convincing" burden of proof to justify commitment); United States v. Broncheau, 645 F.3d 676, 684 (4th Cir. 2011) (holding in part that § 4248 applies to inmates whose sentences also include terms of supervised release); United States v. Timms, __ F. Supp. 2d __, __, 2011 WL 2610566, at *13 (E.D.N.C. July 1, 2011) (holding that Adam Walsh Act violates equal protection and due process), appeal pending, United States v. Timms, Case No. 11-6886 (4th Cir., filed on July 14, 2011).

The particular issued raised here – whether Defendant's term of supervised release began on the date his term of imprisonment expired – has also been addressed in several cases, most of which have adopted the government's position. See, e.g., Tobey v. United States, __ F. Supp. 2d __, __, 2011 WL 2623495, at *7 (D. Md. June 29, 2011) (agreeing with government that term of supervised release does not begin because certification under § 4248(a) stays release from imprisonment); United States v. Francis, Case No. 03-166-KSF, 2011 WL 1642571, at *3 (E.D. Ky. May 2, 2011) (same); United States v. Combe, Case No. 1:04-CR-51 TS, 2011 WL 976892, at *2 (D. Utah Mar. 18, 2011) (same), appeal dismissed, 2011 WL 3677793 (10th Cir. Aug. 23, 2011); United States v. Bolander, Case No. 01-CR-2864-L, 2010 WL 5342202, at *2–3 (S.D. Cal. Dec. 21, 2010) (same). But see United States v. Brown, Case No. 3:04-cr-00119 JWS, 2011 WL 1831627, at *4–6 (D. Alaska May 12, 2011) (holding that term of supervised release begins at the end of period of imprisonment, notwithstanding the filing of a certificate pursuant to § 4248(a)). The Court need not decide which conclusion is correct because, in this case, Defendant's claim is not ripe for adjudication.

"'Ripeness,' the Supreme Court has observed, 'is peculiarly a question of timing.'" United States v. Streich, 560 F.3d 926, 931 (9th Cir. 2009). It is a "constitutional prerequisite for jurisdiction," so the Court has "no jurisdiction to review claims unless they are ripe." Id. Although a party "need not 'await the

consummation of threatened injury to obtain preventive relief," the injury must nevertheless be "certainly impending" and cannot involve "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Id. Thus, the Court must address two questions to determine ripeness: "'the fitness of the issues for judicial decision, and the hardship to the parties of withholding court consideration.'" Id.

In the criminal context, a claim is unripe if it is based upon only the possibility of a contingent future event occurring that might affect a prisoner's future conditions of incarceration or supervised release. See id. at 932 (finding challenge to the inclusion of psycho-sexual treatment information in defendant's presentence report unripe because government had not yet instituted Adam Walsh Act proceedings for which the information could be used); United States v. Linares, 921 F.2d 841, 843 (9th Cir. 1990) (finding challenge to sentence unripe because it implicated the effect of revoking supervised release, which may never occur); 18 Unnamed "John Smith" Prisoners v. Meese, 871 F.2d 881, 883 (9th Cir. 1989) (rejecting challenge to proposed policy of housing inmates in doubled-bunked rooms as unripe because any future harm was "speculative" and would require "further factual development").

At least two courts have found Defendant's precise challenge here unripe when the § 4248(a) certification has yet to be adjudicated. See United States v. Seger, __ F. Supp. 2d __, __, 2011 WL 3555670, at *4–5 (D. Me. Aug. 8, 2011); see also United States v. Combe, Case No. 11-4063, 2011 WL 3677793, at *2–3 (10th Cir. Aug. 23, 2011). Seger arose in almost identical circumstances as this case. Ten days before the defendant's scheduled release from custody, the government filed a certificate pursuant to § 4248(a), which had the effect of staying the defendant's release. 2011 WL 3555670, at *1. While the civil commitment proceedings were pending, the defendant moved to "clarify" his term of supervised release, arguing that the term began to run on the day his term of imprisonment expired, notwithstanding the filing of the § 4248(a) certificate. Id. at *1–2.

Applying the two-prong test of fitness for review and hardship, the court concluded that the defendant's challenge was unripe. Id. at *4–5. Under the fitness inquiry, the court noted that, like the government here, the government had conceded that the defendant's term of supervised release would begin to run if he were civilly committed; the defendant also conceded that he could be civilly committed for life. Id. at *4. Thus, if the defendant were "civilly committed and if he remains in civil custody for thirty-six months or more, then his period of supervised release will have run and there will be no need to determine whether it was running while the § 4248 hearing was pending." Id. Because "[t]he legal question that [the defendant] has raised is significant only if he is not civilly committed or if he is civilly committed for less than thirty-six months," the defendant would be entitled to relief "only if one among a number of future events occurs and will be ineffective otherwise," rendering the issues unfit for immediate review. Id. at *4–5. Further, the court could identify no hardship in withholding review because any ruling would have no immediate effect and the defendant failed to assert any other hardship created by withholding a ruling. Id. at *5.

Similarly, in Combe, the Tenth Circuit dismissed an appeal from the district court's denial of the defendant's motion to "clarify" his term of supervised release based on the same argument raised here and in Seger. 2011 WL 3677793, at *2. Citing Seger, the court concluded that the issue was not fit for review because, "[i]n this case, what remains unresolved is whether [the defendant] will be determined to be sexually dangerous, or whether he will be freed from confinement," and the defendant would experience no hardship because, like the defendant in Seger, he would remain in custody even if the motion were granted. Id.

   Consistent with <u>Seger</u> and <u>Combe</u>, the Court finds that Defendant's request here is unripe because the civil commitment proceedings against him under § 4248(a) are still pending. His claim is unfit for review in the same way as the claims in <u>Seger</u> and <u>Combe</u> were unfit: no decision has yet been made as to whether Defendant will be civilly committed. If he is, then he could be held for his full three-year term of supervised release, and any issue regarding his supervised release would never ripen. If he is set free, then he might be able to bring this motion at that time to determine the end date for his term of supervised release.[3] Moreover, Defendant will experience no hardship from withholding review because he will still be held pending the outcome of the § 4248(a) certification process even if his request is granted, just as the defendants in <u>Seger</u> and <u>Combe</u> were. Thus, Defendant's request is not ripe for review.[4]

### **CONCLUSION**

   The Court DISMISSES Defendant's motion WITHOUT PREJUDICE as unripe.

  **IT IS SO ORDERED.**

  CC:USPO/PTS/USM

| | : |
|---|---|
| Initials of Deputy Clerk | AB |

---

[3]Even if he is set free, Defendant's request might still not be ripe at that time. If the civil commitment proceedings are terminated within three years of June 22, 2010 – the date Defendant claims his term of supervised release should have started – there will be a period of time after his release that he would be subject to supervised release, no matter the outcome of his motion. But since the § 4248(a) proceeding would have been resolved, the evaluation of ripeness in that scenario may very well be different than in this situation, so the Court expresses no opinion on it.

[4]Of the cases involving motions filed before the § 4248(a) proceeding had concluded, only <u>Seger</u> addressed ripeness in any meaningful way. For example, in <u>Tobey</u>, the court merely noted without analysis that the issue was ripe because "the relevant facts have already occurred and no likely future event will alter the outcome." __ F. Supp. 2d at __, 2011 WL 2623495, at *2 n.1. The courts in <u>Francis</u> and <u>Bolander</u> did not address the ripeness issue at all. <u>Francis</u>, 2011 WL 1642571; <u>Bolander</u>, 2010 WL 5342202.